BARTON THOMAS BARTHOLOMEW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bartholomew v. Commissioner
Docket No. 13173-94
United States Tax Court
T.C. Memo 1994-600; 1994 Tax Ct. Memo LEXIS 609; 68 T.C.M. (CCH) 1360; December 7, 1994, Filed *609 An appropriate order and decision will be entered for respondent. Barton Thomas Bartholomew, pro se. For respondent: James Gehres. DAWSON, DEAN DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John F. Dean pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DEAN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim filed pursuant to Rule 40. Petitioner resided in Elizabeth, Colorado, at the time the petition in this case was filed. Petitioner failed to timely file Federal income tax returns for the years 1990, 1991, and 1992. By notice dated April 26, *610 1994, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1990
$  5,348
$ 1,337
$ 352
1991
12,148
3,037
699
1992
23,158
5,790
1,010
On July 25, 1994, this Court received and filed petitioner's original petition. On September 12, 1994, respondent filed the motion now under consideration. In her motion, respondent argued that petitioner had failed to allege any justiciable error in the petition and instead simply set forth frivolous claims and common tax protester arguments. [2]
*611 By Order dated September 14, 1994, this Court directed petitioner to file, on or before October 3, 1994, an amended petition setting forth specific allegations of error in the notice of deficiency and a separate statement of facts. In addition, this Court set a hearing for respondent's motion for October 17, 1994. Petitioner filed an amended petition on October 4, 1994, and, in accordance with the Order, a hearing was held in Denver, Colorado, on October 17, 1994. At the hearing, petitioner declined, based on "philosophical" grounds, the Court's offer of an opportunity to discuss with respondent's counsel any of the underlying facts of his case. Rule 40 provides that respondent may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim when it appears beyond doubt that petitioner can prove no set of facts in support of his claim that would entitle him to relief. ; . Under Rule 34(b)(4) and (5), a petition must contain "Clear *612 and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Moreover, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); ; . In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); . The petition and amended petition filed in this case do not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of any error nor allegation of fact in support of any justiciable claim; rather, only a hodgepodge of tax protestor rhetoric, unsupported assertions, and legalistic gibberish. [3] Although given ample opportunity, petitioner has failed to support his allegation *613 that respondent erred in determining deficiencies and additions to tax for the years at issue. Petitioner has failed to state a claim upon which relief can be granted. Accordingly, respondent's motion to dismiss will be granted. See . Respondent has not requested an award of a penalty against petitioner under section 6673. The Court may, however, on its own initiative, require a taxpayer to pay such a penalty to the United States where the circumstances justify its imposition. *614 . Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." . The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiency in income tax or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views. Based on well-established law, petitioner's position is frivolous and groundless. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, *615 for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $ 7,500. See , affg. and ; ; ; . To reflect the foregoing, An appropriate order and decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the original petition at par. 4 petitioner states that he had no filing requirement for the years in question, and argues in support thereof: (1) Gain from labor is not taxable; ( 2) the Internal Revenue Code does not authorize the proposed assessment; and ( 3) the Internal Revenue Code does not allow the assessment of tax against someone who does not assess himself. The amended petition and "Petitioner's Brief In support of Amended Petition" essentially repeat the same three arguments.↩
3. We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them before. Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." .↩